UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL D. J. EISENBERG,<br><br>   Plaintiff,<br><br>     v.<br><br>SOCIAL SECURITY ADMINISTRATION<br>and MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>   Defendants. | Civil Action No. 08-1978 (CKK) |

MEMORANDUM OPINION
(March 29, 2010)

Plaintiff Michael D. J. Eisenberg, an attorney who is representing himself *pro se*, filed the above-captioned matter seeking judicial review of an administrative law judge's failure to act on his request for attorney's fees in connection with his representation of a claimant in administrative proceedings before the Social Security Administration. Plaintiff has named as Defendants in this action the Social Security Administration ("SSA") and Commissioner of the SSA, Michael J. Astrue (collectively, "Defendants"). This matter comes before the Court on Defendants' [9] Motion to Dismiss, in which Defendants assert that this Court lacks subject matter jurisdiction over Plaintiff's claims. After a thorough review of the parties' submissions, applicable case law, statutory and regulatory authority as well as the record of this case as a whole, the Court agrees that it lacks subject matter jurisdiction over Plaintiff's claims and shall therefore GRANT Defendants' [9] Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1),[1] for the reasons that follow.

## I. BACKGROUND

As set forth in the Complaint, Plaintiff is an attorney who practices before the SSA. *See* Compl. ¶ 4. On or about February 6, 2007, he was hired by an individual (hereinafter, "Claimant")[2] to represent her before the SSA in her efforts to secure social security benefits. *Id.* ¶ 5. A hearing was held before an administrative law judge ("ALJ") on or about November 15, 2007, regarding Claimant's benefit request, at which Claimant was awarded current, future and back benefits. *Id.* ¶ 8. The ALJ also awarded Plaintiff, Claimant's attorney, the full amount of attorney's fees requested. *Id.* ¶ 9.

Shortly thereafter, on or about December 3, 2007, Claimant (*i.e.,* Plaintiff's client) wrote to the SSA stating that she believed Plaintiff's attorney's fees should be reduced. *Id.* ¶ 10. In response, on January 12, 2008, Plaintiff wrote a letter to the presiding ALJ explaining why he believed that he was in fact entitled to the full amount of attorney's fees requested. *Id.* ¶ 11. By letter dated January 15, 2008, the ALJ responded to Plaintiff that she was inclined to reduce his requested fees by approximately one-fifth to $1,000. *Id.* ¶¶ 12, 20. The ALJ gave no reason for the intended reduction in attorney's fees except to advise Plaintiff that her decision was based on "his performance in the hearing." *Id.* The ALJ further advised Plaintiff that he had 15 days in

---

[1] While Defendants have not specifically indicated that their motion to dismiss is asserted under Federal Rule of Civil Procedure 12(b)(1), it is well established that motions to dismiss for lack of subject matter jurisdiction are properly reviewed under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).

[2] For privacy reasons, the parties have not identified the individual claimaint by name and instead refer to this individual as "Claimaint" throughout the instant briefing. The Court agrees that the individual's identity is not material to the resolution of Defendants' Motion to Dismiss, and shall therefore adopt the parties' approach of referring to this individual as "Claimant."

which to respond to her letter. *Id.* Plaintiff did so, providing a timely response by letter dated January 24, 2008. *Id.* ¶ 13.

Plaintiff, however, did not receive any response from the ALJ. Accordingly, on November 17, 2008, having failed to receive a final determination with respect to his request for attorney's fees, Plaintiff filed the above-captioned lawsuit seeking judicial review of the ALJ's inaction on his attorney's fees request. *See generally* Compl. Plaintiff's Complaint asserts two claims for relief under the APA. The first claim alleges that the ALJ's failure to issue a final decision on Plaintiff's request for attorney's fees violated section 555(b) of the APA by failing to conclude a matter presented to the SSA "within a reasonable time." *Id.* ¶¶ 13-17. The second claim alleges that the ALJ acted "arbitrarily and capriciously" in violation of section 706(2)(A) of the APA by: (a) failing to act on Plaintiff's request for attorney's fees; and (b) indicating in the January 15, 2008 letter that she was inclined to reduce his attorney's fees to $1,000.00. *Id.* ¶¶ 18-20. The Complaint further alleges that this Court has jurisdiction over Plaintiff's claims pursuant to the APA and 28 U.S.C. § 2501. *Id.* ¶¶ 2-3. As relief, Plaintiff seeks an order: (a) finding that the ALJ's January 15, 2008 letter arbitrary and capricious, *id.* ¶ 21; (b) declaring that Defendants acted with undue delay in responding to Plaintiff's January 24, 2008 rebuttal letter, *id.* ¶ 22; and (c) requiring the ALJ to either award Plaintiff his full fee or provide a substantive response to Plaintiff's January 24, 2008 rebuttal letter within 60 days of the Court's order, *id.* ¶ 23.

On February 19, 2009, subsequent to Plaintiff's filing of this lawsuit, the ALJ issued her final order with respect to Plaintiff's request for attorney's fees. *See* Defs.' MTD, Docket No. [9], Att. 1 (Order of Administrative Law Judge dated Feb. 19, 2009) (hereafter, the "Feb. 19,

2009 Order").³ As set forth therein, the ALJ concluded that, "[u]nder the circumstances, it appears reasonable to award [Plaintiff] 75 percent of the agreed-upon fee." *Id.* at 2. Accordingly, the ALJ awarded Plaintiff a reduced fee of $3,975.00. *Id.*

Defendants have now filed a [9] Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, Defendants argue that Plaintiff has not stated a valid statutory basis for this Court's jurisdiction. While Plaintiff alleges in his Complaint that the Court has jurisdiction pursuant to the APA and 28 U.S.C. § 2501, Defendants contend that neither statutory provision affords the Court subject matter jurisdiction over Plaintiff's claims because: (a) the APA does not apply to matters arising under the Social Security Act; and (b) 28 U.S.C. § 2501 relates to the time for filing suit in the Court of Federal Claims and is therefore inapplicable to the case at hand. Defs.' MTD at 1-2. Defendants further note that although Plaintiff could have brought a suit for mandamus relief invoking the Court's jurisdiction under 28 U.S.C. § 1361, any such claim is now moot in light of the issuance of a final decision with respect to Plaintiff's attorney's fee request. *Id.* at 2. Finally, Defendants contend that any potential claim Plaintiff may wish to assert based on his dissatisfaction with the ALJ's final decision would similarly fail, as the SSA's decisions regarding attorney's fees are final and not subject to judicial review. *Id.*

---

³ It is well settled that a motion to dismiss pursuant to Rule 12(b)(1) can refer to material outside of the pleadings without being converted into a motion for summary judgment. *See, e.g., Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992) ("where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts"); *Bonterra Am., Inc. v. Bestmann*, 907 F. Supp. 4, 5 n. 1 (D.D.C. 1995) (noting that, "[i]n deciding a motion to dismiss a case for lack of subject matter jurisdiction, the Court may consider evidentiary matters outside the pleadings").

Plaintiff has filed an Opposition to Defendants' motion. *See* Pl.'s Opp'n, Docket No. [11]. He concedes that the "Agency's action to make Attorney fee decisions and [*sic*] how much to grant for attorney's fees are . . . non-reviewable." *Id.* at 3. Plaintiff argues, however, that this Court has jurisdiction under the APA to review his claim that the year-delay by the SSA in issuing a final decision regarding his request for attorney's fees was arbitrary and capricious. *Id.* at 1-3. Plaintiff urges that this claim is not moot or alternatively, if the Court finds the issue is moot, that it qualifies under the "capable of repetition yet evading review" exception to the mootness doctrine. *Id.* at 3-4. Plaintiff therefore seeks an order requiring "the Agency to explain why it took over a year to make its decision (which was made after this Action was filed) and compensate Plaintiff appropriately." *Id.* at 4. Defendants have since filed a Reply. *See* Defs.' Reply, Docket No. [13]. Accordingly, briefing on Defendants' Motion to Dismiss is complete, and the motion is now ripe for the Court's review and resolution.

## II. LEGAL STANDARD

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833, n. 4 (D.C. Cir. 1984) ("It is the burden of the party claiming subject matter jurisdiction to demonstrate that it exists."); *see also Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). A court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164

5

(1993); *Koutny v. Martin*, 530 F. Supp. 2d 84 (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider 'undisputed facts evidenced in the record.'") (internal citations omitted). However, "'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge*, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350).

Where, as here, an action is brought by a *pro se* plaintiff, although an attorney, the Court must take particular care to construe the plaintiff's filings liberally for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21; *see also Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). "Courts of this Circuit have interpreted the Supreme Court's instruction in *Haines* as encompassing all filings submitted by *pro se* litigants, not just their pleadings." *Lindsey v. United States*, 448 F. Supp. 2d 37, 44 (D.D.C. 2006) (internal citations omitted). The District of Columbia Circuit has further instructed that lower courts may use supplemental materials to clarify a *pro se* plaintiff's claims without converting a motion to dismiss into one for summary judgment. *See Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (explaining that lower courts may "consider supplemental material filed by a *pro se* litigant in order to clarify the precise claims being urged") (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1054 (D.C. Cir. 1998)).

### III. DISCUSSION

Defendants move for dismissal of the Complaint, arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims. The Court agrees. Plaintiff alleges in his Complaint

6

that this Court has jurisdiction over his claims pursuant to the APA and 28 U.S.C. § 2501. Compl. ¶¶ 2-3. The latter reference to section 2501, however, is clearly in error, as the cited code provision governs the time for filing certain claims before the United States Court of Federal Claims and is inapplicable to the case at hand. *See* 28 U.S.C. § 2501. The Court is therefore left only with the APA as a possible source of jurisdiction over Plaintiff's claims. It is well settled, however, that the APA itself does not confer subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107 (1977) (The "APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."). Accordingly, "[b]ecause the APA does not provide an independent grant of subject matter jurisdiction, the Court has jurisdiction under the APA only insofar as it has jurisdiction under § 1331." *Am. Chiropractic Ass'n v. Shalala*, 108 F. Supp. 2d 1, 8 (D.D.C. 2000). Unfortunately for Plaintiff, the Supreme Court has made clear that "federal-question jurisdiction under 28 U.S.C. § 1331 is precluded by [the Social Security Act]." *Califano*, 430 U.S. at 109 (citing *Weinberger v. Salfi*, 422 U.S. 749, 761 (1975)); *see also* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). As the Social Security Act specifically precludes federal question jurisdiction over Plaintiff's suit, the Court lacks independent subject matter jurisdiction to entertain Plaintiff's claims brought pursuant to the APA. Plaintiff's Complaint must therefore be dismissed.

Plaintiff's arguments to the contrary are without merit. Relying on *Thompson v. United States Dep't of Labor*, 813 F.2d 48 (3d Cir. 1987), Plaintiff maintains that this Court has jurisdiction under the APA to review his claim that Defendants "unreasonably delayed

resolution" of his fee request.  *See* Pl.'s Opp'n at 1-3.  Plaintiff's reliance on *Thompson*, however, is misplaced.  In *Thompson*, the plaintiff sought judicial review under the APA of the Department of Labor's failure to timely resolve the plaitniff's administrative complaint alleging discriminatory treatment in violation of Section 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793.  813 F.2d at 50, 52.  The decision does not address — and is therefore irrelevant to — the question of whether a court has jurisdiction to entertain a plaintiff's claims under the APA where, as here, the plaintiff seeks review of unreasonable delay by the Social Security Administration in resolving his request for attorney's fees.  As indicated above, the Social Security Act, unlike the Rehabilitation Act, specifically precludes federal question jurisdiction, and the Court therefore lacks subject matter jurisdiction over Plaintiff's claims.  Nothing in *Thompson* holds to the contrary.

Accordingly, it is clear that the Court lacks subject matter jurisdiction over Plaintiff's claims seeking judicial review under the APA of the SSA's alleged delay in ruling on his request for attorney's fees.  Defendants note, however, that Plaintiff arguably could have brought — and the Court would have had jurisdiction to entertain — a mandamus action to compel the Commissioner to issue a final decision with respect to Plaintiff's fee request pursuant to 28 U.S. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").  *See Ganem v. Heckler*, 746 F.2d 844, 845-46 (D.C. Cir. 1984) (holding that the "[Social Security] Act does not preclude the exercise of mandamus jurisdiction").  Regardless, as Defendants correctly assert, any such claim would now be moot in

light the ALJ's issuance of a final decision on Plaintiff's fee request.[4]

Finally, while Plaintiff has not moved for leave to amend his Complaint to add claims directly challenging the actual decision by the ALJ to award Plaintiff reduced attorney's fees in the amount of $3,975.00, he appears to suggest in his opposition briefing that Defendants should be required "to explain why the [ALJ's] decision to grant only 75% of the fee . . . is not arbitrary and capricious." Pl.'s Opp'n at 3. As Defendants correctly observe, however, the Court would also lack jurisdiction over any potential claim Plaintiff may wish to assert based on his dissatisfaction with the ALJ's final decision, as the relevant regulations and case law make clear that decisions by the SSA regarding attorney's fees are final and not subject to judicial review. *See* 20 C.F.R. § 404.1720(d)(1) (providing for administrative review of a fee determination by "[a]n authorized official of the Social Security Administration who did not take part in the fee determination being questioned," which decision "is not subject to further review"); *see also Copaken v. Sec'y of Health, Educ. & Welfare*, 590 F.2d 729, 730-31 & n. 1 (8th Cir. 1979) (per

---

[4] In an apparent attempt to respond to Defendants' arguments regarding mootness, Plaintiff argues in his opposition briefing that — even if moot — his claim seeking judicial review under the APA of the SSA's unreasonable delay in resolving his fee request satisfies the mootness exception for cases that are "capable of repetition, yet evading review," such that the Court should entertain his claim. Pl.'s Opp'n at 3-5. This argument, however, misses the point entirely. The Court must dismiss Plaintiff's claims under the APA because the APA itself does not provide independent subject matter jurisdiction and the Social Security Act specifically precludes federal-question jurisdiction pursuant to 28 U.S.C. § 1331. As such, the Court lacks subject matter jurisdiction to entertain Plaintiff's APA claims. *See supra* at pp. 6-8. This is true regardless of whether or not Plaintiff's APA claims are now moot, a question the Court need not reach. Indeed, Defendants raised the issue of mootness only to point out that even if Plaintiff had alleged a claim for mandamus relief compelling the SSA to act on Plaintiff's fee request — a claim over which the Court would have had jurisdiction — such a claim would now be moot in light of the issuance of the ALJ's final ruling on Plaintiff's fee request. *See* Defs.' MTD at 2. Plaintiff's argument that his claim for judicial review under the APA fits the exception to the mootness doctrine is therefore immaterial to the principal problem in this case, *i.e.,* the lack of any independent source of jurisdiction over Plaintiff's APA claims.

curiam) (affirming district court's holding "that it lacked subject matter jurisdiction [under either the APA or the Social Security Act] to review the Secretary's fee determination for abuse of discretion"); *Carver v. Heckler*, 568 F. Supp. 301, 304-05 (D. Vt. 1983) (finding that court lacked subject matter jurisdiction under either the Social Security Act or the APA to review attorney fee decisions by Secretary). Indeed, Plaintiff concedes as much, acknowledging that "the Agency's action to make Attorney fee decisions and [*sic*] how much to grant for attorney's fees are . . . non-reviewable." Pl.'s Opp'n at 3. Accordingly, the Court shall GRANT Defendants' [9] Motion to Dismiss pursuant to Rule 12(b)(1).

## IV. CONCLUSION

For the reasons set forth above, Defendants' [9] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED. An appropriate Order accompanies this Memorandum Opinion.

Date: March 29, 2010

                                         */s/*
                                         **COLLEEN KOLLAR-KOTELLY**
                                         United States District Judge